ANDREW J. BLAKELY, APPELLANT, *v.* CHARLES WEAVER, RESPONDENT.

*False imprisonment — after arrest under an execution the officer cannot be required to levy on property or accept anything other than money — no rule of law requires the officer holding an execution to inquire of the defendant as to whether he has any property, before arresting him.*

APPEAL by the plaintiff from a judgment against him, entered upon the verdict of a jury at the Erie Circuit.

The action was in the nature of one for false imprisonment under an execution issued upon a judgment of a Justices' Court against the plaintiff, which directed the constable to satisfy the judgment out of the personal property of the judgment debtor, and if sufficient could not be found to satisfy it, to arrest and convey him to the jail. The alleged ground of the charge is that the defendant, who as constable had the execution, arrested the plaintiff without first having sought to satisfy the execution out of property, and that he refused to levy the execution on property of the plaintiff, which the latter offered to turn out to him.

The court at General Term, after considering and overruling the first objection, said : " After the arrest was made, and when the defendant was taking the plaintiff away, the plaintiff's brother offered to turn out to the defendant his horse and wagon, which he was then driving, for levy and sale on the execution, which the

latter declined to take. The offer of the plaintiff to prove the value of such horse and buggy was excluded and he excepted, and it is contended that this ruling was error. We think not. The arrest having been made, the officer could not then have been required to make a levy or to accept anything other than money to satisfy the execution and release the prisoner from custody. The evidence of value of the property was therefore immaterial. The defendant did not call upon the plaintiff and make any inquiry of him about his property before the occasion on which he proceeded to make the arrest. The court was requested to charge the jury that the diligence in searching for property required that the officer should have inquired of the plaintiff before arresting him whether he had any property, which was declined and exception taken. The propriety of such an inquiry, with a view to ascertain whether a judgment debtor has property which may be taken in execution is apparent, and the omission to do so, if he at the time has such property, would be a fact properly for the considerotion of the jury on the question of diligence of the officer in that respect, but there may be circumstances which would render it prudent after diligent search, without such inquiry, to make the arrest. It cannot be held, as matter of law, to be the duty of an officer to make such inquiry of the debtor. The officer must act in good faith, and whether he, by mere negligence or for the purpose of an opportunity to make the arrest, omits to make any inquiry of him concerning his property and takes the judgment debtor into custody, the jury might find in that a fact entitled to their consideration against the officer if the debtor at the time had property upon which levy may have been made. Because, while reasonable intendments may go in support of the official purposes and acts of ministerial officers, they will be chargeable for an abuse of their authority in the execution of process, which results in the unreasonable and unnecessary oppression or prejudice to the persons against whom or whose property it is issued. (*Rogers* v. *Brewster*, 5 Johns., 125.) And this rule is applicable to the act of arresting the judgment debtor when property is known by the officer to be available to levy and sale on an execution like the one in question. (*Platt* v. *Sherry*, 7 Wend., 236.) But, we think, no rule of law was violated by the refusal of the court to charge that the requisite diligence of the officer in search-

ing for property required that inquiry on the subject be made of the judgment debtor, and no question is presented in respect to the effect that might be given by the jury to the omission to make such inquiry." * * *

*Adelbert Moot,* for the appellant.

*William B. Hoyt,* for the respondent.

Opinion by BRADLEY, J.

Present — SMITH, P. J., and BRADLEY, J.; LEWIS, J., not sitting.

Judgment affirmed.